UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CAROLYN ELEBY**                                                                                    **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 3:25-CV-310-CRS**

**FREEDMON GUARDIANSHIP LLC**                                                        **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Carolyn Eleby filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this case will be dismissed.

### I. SUMMARY OF ALLEGATIONS

Plaintiff filed the complaint on a Court-approved form for filing a complaint for employment discrimination (DN 5). In the complaint caption, she lists Freedmon Guardianship LLC as the only Defendant. In the "Defendants" section of the complaint form, she additionally lists William Bowler Thiele, identifying his job title as "Guardian/Conservatorship." The address of her employment appears to be Mr. Thiele's residence.

Where the complaint form asks for the basis of the Court's jurisdiction, Plaintiff indicates that she brings the action pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA). She also indicates that she invokes other relevant federal, state, and local law, but she does not identify them. Where the form asks for the discriminatory conduct alleged, Plaintiff checks all the boxes provided: failure to hire, termination of employment, failure to promote, failure to accommodate disability, unequal terms and conditions of employment, retaliation, and "other acts" which she identifies as "slandering." She states that the alleged discriminatory acts occurred between

November 20, 2024, and April 4, 2025. Where the form asks on what basis Defendants discriminated against her, Plaintiff again checks all the boxes provided: race, color, gender, religion, national origin, age, and disability or perceived disability. She provides her birth year, but no information about her race, national origin, or disability. She provides the following as the facts of her case: "I have a record with Adult Protection Service[.] [I]t was closed? I don't know when it was open. Spoke to Pamela Daud July 9, 2025 at 11:00 a.m."

In the "Relief" section of the complaint form, Plaintiff states,

> Need my name cleared in Adult Protection Service of extortion of Mr. Wayne Yeager money. Slander of my name falsely making claims to Adult Protection Service by William Bowler Thiele. Compensation and loss wages of 8 years and slandering of my name and clearing that accusation. Being able to [illegible] guardianship over Wayne Yeager.

Plaintiff has provided her "right-to-sue" letter from the Equal Employment Opportunity Commission, as well as some exhibits consisting primarily of screenshots of text messages without any explanation of those messages' meaning (DN 1-1).

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, when considering a *pro se* complaint, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint.)

### III.  ANALYSIS

*Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678 (cleaned up).

Plaintiff checks boxes on the complaint form indicating that she was discriminated against based on her race and color, national origin, gender, religion, disability or perceived disability, and age, but she fails to allege facts to support that any action was taken because of any of these attributes. While she does provide her birth date, she does not identify what her race or color, national origin, religion, or disability or perceived disability is. Even liberally construing the complaint, Plaintiff's allegations do not support a plausible inference that she was subjected to an adverse employment action "because of" her race or color, national origin, religion, disability or perceived disability, or age. Therefore, Plaintiff fails to meet Rule 8(a)'s pleading standard.

Further, because Plaintiff fails to provide any factual support, her allegations are insufficient to state a claim under Title VII, the ADEA, and the ADA. *See Ward v. Brownner*, No. 2:22-CV-00033-SCJ-JCF, 2022 WL 22801203, at *2 (N.D. Ga. May 3, 2022) ("Plaintiff has not provided any factual support for her Title VII, ADEA, or ADA claims, and her conclusory allegations of discrimination and retaliation—devoid of any factual enhancement about who took these actions, when they were taken, and whether they were taken because of Plaintiff's statutorily protected characteristics and/or activity—are plainly insufficient to state a claim for which relief can be granted under Title VII, the ADEA, and the ADA."); *Bhuiyan v. Dep't of Treasury*, No. 2:24-CV-3964, 2024 WL 4835549, at *2 (S.D. Ohio Nov. 20, 2024) ("All of Plaintiff's [employment discrimination] claims must be dismissed because his allegations are threadbare. Plaintiff does not allege facts sufficient to raise a reasonable inference that any of Defendant's alleged actions were unlawful. For instance, he does not allege any facts concerning his termination, he does not identify the religious accommodations he was seeking, and he does not describe the alleged sexual harassment by his supervisor. Nor does he explain why he believes Defendant's actions in terminating his employment or denying his religious accommodations were

taken on a discriminatory basis."), *report and recommendation adopted*, 2025 WL 79634 (S.D. Ohio Jan. 13, 2025). Accordingly, Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: September 16, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.009